*692 OPINION.
ARUndell:
The petitioner has attributed value to its leasehold, first because of the fair value of the coal as compared with the royalty rate specified, second, because of the position of the workings with relation to coal on other property beyond such workings, third, because of the timber rights included in the lease. Other advantages ■were also alleged, such as the use of houses on the property and of cleared land, etc.
A witness for the petitioner testified that the fair royalty rate on this coal in the hands of a lessor was 15 cents and that a reasonable estimate of the life of the deposit was 35 years. This witness placed a value of $125,000 on the coal rights, but in doing so made the assumption that only 8 cents a ton would be paid the lessor as royalty or rental. Under the terms of the lease, minimum annual payments were to be made regardless of the amount of coal produced. These amounted to $8,600 the first year, $11,488.29 the second year, and $14,335.36 for each succeeding year. These royalties or rental payments would amount to $493,155.17 during 35 years of operation. The estimated recoverable tonnage was 4,686,480, therefore, the total expected royalties receivable to a lessor charging 15 cents a ton would be $702,972. Deducting from this sum the total rentals payable under the lease leaves a net amount of $219,816.83 recoverable over a period of 35 years which represents the saviRg to the petitioner *693 under the terms of the lease and attributable to coal rights. Taking into consideration this fact and all other facts and circumstances, we are of the opinion that petitioner’s interest in the coal was worth on March 1, 1913, $55,000 and depletion should be determined on this basis.
Testimony was offered to the effect that an additional value of $25,000 was attributable to the strategic position of the property, on the assumption that the petitioner could charge 3 cents a ton for bringing out through its workings the coal from the property in the rear. Article six of the lease specifically provides, however, that “ No coal or coke from lands other than the demised premises shall be by the lessee hauled through or over the demised premises or any part thereof, or loaded into railway cars from tipples or other loading places upon the demised premises.” We believe $25,000 represents the fair value of the timber rights on March 1, 1913, and have so found in the findings of fact.
The question of the right to deduct as an ordinary and necessary expense such items as locomotives, mine cars, mining machines, hoists and steel rails has- been passed upon by the Board in the Union Colleries Co., 3 B. T. A. 540. The action of the Commissioner in treating these items as capital expenditures is, therefore, approved. The record indicates that some of the rails may have been used to replace broken and worn out rails, but to what extent we are not advised. The conveyor equipment and the monitors appear to be complete replacements and not repairs to existing machines. The expenditures for sub-station equipment on the Thacker mine amounting to $1,991.20 were made to repair an existing machine and its equipment and accordingly the entire amount is deductible as expense.
The Commissioner’s action in disallowing as expense $48,592.57 is approved and his plea for affirmative relief granted except as to the item of sub-station equipment.
The petitioner is also entitled to additional depreciation for 1920 of $1,607 in respect to items of equipment restored to capital in prior years amounting to $32,139.98, in accordance with the stipulation of the parties.
The claim of the petitioner that certain royalties and taxes paid on inactive and undeveloped land be restored to capital is denied, first, because nothing in the lease indicates that, a separate royalty was to apply to each tract or that such royalties accrued to the credit of the petitioner and could be satisfied by unlimited future shipments, and, second, because items such as annual rental and annual taxes are deductible as expense each year and are paid for benefits *694 received during the year. The mere fact that the petitioner did not take fullest advantage of the benefits for which it paid rentals and taxes does not change the character of the expenditures.
The petitioner has also included in its petition a contingent claim for relief under section 328 of the Revenue Act of 1918. No proof was submitted to show that the petitioner comes within the provisions of that section, therefore, its plea is denied.

Judgment will be entered on 10 days’ notice, under Bule 60.